IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dean Alton Holcomb, #154215-0930, | C/A No.: 1:16-691-MGL-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Paul B. Wickensimer; Latitia Verdin, Circuit Judge; Garrison Hill, Circuit Judge; and Robin Stilwell, Circuit Judge, | |
| Defendants. | |

Dean Alton Holcomb ("Plaintiff"), proceeding pro se and in forma pauperis, is a pre-trial detainee incarcerated at the Greenville County Detention Center ("GCDC"). Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.   Factual and Procedural Background

Plaintiff filed this complaint against Greenville County Clerk of Court Paul B. Wickensimer and Thirteenth Judicial Circuit Judges Latitia Verdin, Garrison Hill, and Robin Stilwell. [ECF NO. 1 at 2]. Plaintiff states he has been held at the GCDC since August 19, 2014. *Id.* at 3. Plaintiff alleges he has attempted "to obtain a speedy-trial,

habeas, or any other hearing to present evidence that would prove his innocence," but states he has not been successful. *Id.* Plaintiff argues the South Carolina and United States constitutions "guarantee his right to access the courts for a redress of grievances as well as a habeas corpus hearing." *Id.* Plaintiff claims he has tried to seek help through the local court "on numerous occasions only to be denied access to the courts via denial of forma pauperis status." *Id.* at 4. "Plaintiff asks the court if his inability to pay filing fees or follow civil procedures (due to seizures) is constitutional and seeks the court's help." *Id.* Plaintiff seeks an order instructing the South Carolina courts to allow him to proceed in forma pauperis while detained in GCDC on all non-frivolous suits. *Id.* at 5. Plaintiff asks the court to order the state judges "to cite cases and reasons for any and all dismissals/actions." *Id.* Plaintiff requests that this court order the State of South Carolina to hold trials for all his pending cases in 30 to 60 days or release Plaintiff. *Id.* at 5. Finally, Plaintiff seeks monetary damages. *Id.*

II.   Discussion

   A.   Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31

(1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to

state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Plaintiff's complaint provides no factual allegations regarding Verdin, Hill, Stilwell, and Wickensimer. Accordingly, these defendants are entitled to summary dismissal from the action.[1]

III.  Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

March 8, 2016                                            Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[1] Further, it is well-settled that judges and court support personnel have immunity from a claim for damages and injunctive relief arising out of their judicial actions. *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). *See also Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (internal quotation marks and citation omitted) (finding the doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]"); *Abebe v. Seymour*, C/A No. 3:12-377-JFA-KDW, 2012 WL 1130667, *2–3 (D.S.C. Apr. 4, 2012) (finding Section 309(c) of the Federal Courts Improvement Act of 1996, Pub. L. No 104-317, 110 Stat. 3847 (1996) amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).